IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BESHENICH MUIR & ASSOCIATES, LLC, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 24-1417-BAH |
| BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### **MEMORANDUM AND ORDER**

Plaintiff Beshenich Muir & Associates, LLC, brought suit against Bravura Information Technology Systems, Inc., alleging breach of contract and related claims. ECF 1. Pending before the Court is Defendant's motion to strike paragraphs 13 and 14 of the complaint, as well as Exhibit C to the complaint, a letter dated March 19, 2024 sent by Plaintiff's counsel to defense counsel. ECF 10. Plaintiff did not respond to the motion to strike, and the time to do so has long since passed. Defendant argues that the challenged paragraphs and exhibit should be stricken as they contain settlement discussions which are immaterial and impertinent to the underlying claims and are inadmissible under Fed. R. Evid. 408. *See* ECF 10, at 2–3. The Court has reviewed the motion and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant's motion to strike is **GRANTED**.

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While "Rule 12(f) motions are disfavored and 'generally will be not granted [for immateriality] unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some

form of significant prejudice to a party,'" they may "be granted when the movant meets its burden of proving that the challenged material is immaterial and prejudicial." *Fitchett v. Spartech, LLC*, 634 F. Supp. 3d 241, 243 (D. Md. 2022) (alteration in *Fitchett*) (first quoting *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020), then citing *Chapman v. Duke Energy Carolinas, LLC*, Civ. No. 3:09-37RJC, 2009 WL 1652463, at *3 (W.D.N.C. June 11, 2009)). "[C]ourts in the Fourth Circuit have concluded that factual allegations within a plaintiff's complaint may be properly considered immaterial and prejudicial where they allege evidence of settlement negotiations in violation of Federal Rule of Evidence 408." *Sharestates Invs., LLC, v. WFG Nat'l Title Ins. Co.*, Civ. No. 23-01416-JMC, 2023 WL 8436159, at *2 (D. Md. Dec. 5, 2023) (citations omitted). Fed. R. Evid. 408(a) proscribes the admission of settlement negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."[1]

Plaintiff does not dispute Defendant's contention that paragraphs 13 and 14 of the complaint contain "settlement discussions regarding [Defendant's] position and compromise to avoid litigation." ECF 10, at 2. These paragraphs contain allegations that would be inadmissible under Fed. R. Evid. 408, and such discussions are immaterial to Plaintiff's claims and prejudicial to Defendant. As such, these paragraphs shall be stricken from the complaint pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Evid. 408. Plaintiff also does not dispute that the letter between counsel attached to the complaint as Exhibit C, contains settlement negotiations inadmissible under Fed. R. Evid. 408. While trial is not yet scheduled, the Court may nevertheless strike this exhibit at this stage of the proceeding. *See Fitchett*, 634 F. Supp. 3d at 243 (citing *Chancey v. N. Am. Trade*

---

[1] Fed. R. Evid. 408(b) contains an exception if the evidence is to be admitted "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

*Sch.*, Civ. No. WDQ-10-0032, 2010 WL 4781306, at *3 (D. Md. Nov. 17, 2010), *aff'd sub nom. Chancey v. N. Am. Trade Sch., Inc.*, 442 F. App'x 815, at *2–3 (4th Cir. 2011)) (striking exhibits attached to the complaint and rejecting plaintiff's argument that the motion to strike was a premature motion in limine where defendant had timely filed a Fed. R. Civ. P. 12(f) motion to strike). As such, Exhibit C to the complaint, ECF 1, at 14–15, will also be stricken pursuant to Fed. R. Evid. 408.

For the foregoing reasons, it is hereby ORDERED that:

(1) Defendant's unopposed motion to strike, ECF 10, is GRANTED;

(2) Paragraphs 13 and 14 of the complaint, ECF 1, are STRICKEN; and

(3) Exhibit C to the complaint, ECF 1, at 14–15, is STRICKEN.

Dated: <u>January 6, 2025</u>                                   /s/
                                                    Brendan A. Hurson
                                                    United States District Judge